IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCUS EDWARDS, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:22-cv-952 |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | § § § | |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT,
REQUEST FOR DISCLOSURE and JURY DEMAND**

1. NOW COMES MARCUS EDWARDS, hereinafter referred to as "Plaintiff", and brings this action against LIFE INSURANCE COMPANY OF NORTH AMERICA, hereinafter referred to as "Defendant."

2. Plaintiff brings this action to secure all disability benefits, described as Critical Illness Heart Attack benefits to which Plaintiff is entitled under his Group Critical Illness policy underwritten and administered by Defendant.

3. Defendant has underwritten and administered the policy and has issued a denial of the benefits claimed under the policy by the Plaintiff. The policy at issue can be identified as Policy Number CI961170 for Critical Illness Heart Attack benefits.

**I. PARTIES**

4. Plaintiff is a citizen and resident of Dallas County, Texas.

5. Defendant is a properly organized business entity doing business in the State of Texas. Defendant may be served with process by serving its registered agent,

C T Corporation System, addressed at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-4284.

## II. JURISDICTION AND VENUE

6. This is an action for damages for failure to pay benefits under an insurance policy and other related claims over which this court has jurisdiction. Specifically, the Plaintiff is a resident of the State of Texas and Defendant, a foreign corporation is authorized to do business in the State of Texas.

7. The disability policy at issue in the case was issued in the State of Texas.

## III. THE CLAIM ON THE POLICY

8. Plaintiff has been a covered beneficiary under disability benefits policy issued by Defendant at all times relevant to this action. Policy Number CI961170 became effective January 1, 2020.

9. Plaintiff is a 47 year old man previously employed as a "Field Consultant".

10. Field Consultant is classified under the Dictionary of Occupational Titles as medium with an SVP of 8 and considered to be skilled work.

11. Due to Plaintiff's disabling conditions, Plaintiff ceased actively working on March 1, 2019, as on this date Plaintiff suffered from a heart attack.

12. Plaintiff alleges he became residually disabled on March 1, 2019.

13. Plaintiff filed for Critical Illness Heart Attack benefits through the Plan administered by the Defendant.

14. Defendant denied Critical Illness Heart Attack benefits under the Plan pursuant to a letter to Plaintiff dated February 24, 2021. Said letter allowed Plaintiff 60 days to appeal this decision.

15. At the time Defendant denied Plaintiff further Critical Illness Heart Attack disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform his "Own Occupation".

16. If granted the Plan would pay an accelerated death benefit of $222,062.00.

17. Plaintiff pursued his administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

18. Plaintiff timely perfected his administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

19. Plaintiff submitted additional information including medical records to show that he is residually disabled from the performance of his own and any other occupation as defined by the Plan.

20. On November 18, 2021, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for Critical Illness Heart Attack benefits.

21. Defendant also notified Plaintiff on November 18, 2021 that Plaintiff had exhausted his administrative remedies.

22. Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers

including the effects of Plaintiff's impairments on his ability to engage in certain work activities.

23. Plaintiff has now exhausted his administrative remedies.

## IV. MEDICAL FACTS

24. Plaintiff suffers from multiple medical conditions resulting in both exertional and non-exertional impairments.

25. Plaintiff suffered a heart attack.

26. Treating physicians document diminished abilities and the continued pain that requires ongoing pain management.

27. Plaintiff's multiple disorders have resulted in restrictions in activity and have significantly curtailed his ability to perform certain work activities.

28. Further, Plaintiff's physical impairments have resulted in chronic discomfort.

29. Plaintiff's treating physicians document these symptoms.  Plaintiff does not assert that he suffers from said symptoms based solely on his own subjective allegations.

30. Physicians have prescribed Plaintiff with multiple medications in an effort to address his multiple symptoms.

31. However, Plaintiff continues to suffer from breakthrough discomfort and limitations in functioning, as documented throughout the administrative record.

32. The aforementioned impairments and their symptoms preclude Plaintiff's performance of certain work activities on a consistent basis.

33. As such, Plaintiff has been and remains residually disabled per the terms of the Policy and has sought disability benefits pursuant to said Policy.

34. However, after exhausting his administrative remedies, Defendant persists in denying Plaintiff his rightfully owed disability benefits.

## V. DEFENDANT'S UNFAIR CLAIMS HANDLING PRACTICES

35. Defendant has selectively reviewed Plaintiff's medical records and has cherry-picked only the excerpts from the medical records that support its pre-determined conclusion that Plaintiff is not disabled.

36. Defendant has failed to consider the side effects of Plaintiff's medication.

37. Defendant's consultants completed their reports without examining Plaintiff.

38. On November 18, 2021, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability benefits.

39. Defendant also notified Plaintiff on November 18, 2021 that Plaintiff had exhausted his administrative benefits.

40. Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on his ability to engage in certain work activities.

41. At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

42. Defendant's determination was influenced by its conflict of interest.

43. Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

44. The Critical Illness Heart Attack Plan gave Defendant the right to have Plaintiff to submit to a physical examination at the appeal level.

45. A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

46. More information promotes accurate claims assessment.

47. Despite having the right to a physical examination, Defendant did not ask Plaintiff to submit to one.

48. Defendant's conduct as a whole has failed to furnish a full and fair review of Plaintiff's claim.

## VI. FIRST CAUSE OF ACTION:

### Breach of Contract

49. Plaintiff repeats and re-alleges paragraphs 1 through 48 of this Complaint as if set forth herein.

50. Plaintiff paid all premiums due and fulfilled all other conditions of the Plan.

51. Under the terms of the Plan, Defendant is obligated to pay Plaintiff benefits, in full and without reservation of rights, during the period of time that Plaintiff is suffering residual disability, as those words are defined in the Plan.

52. In breach of its obligations under the aforementioned Plan, Defendant has failed to pay Plaintiff benefits in full and without any reservations of rights during the period of time that Plaintiff is suffering residual disability as those words are defined in the Plans.

53. Defendant denied paying benefits to Plaintiff under the Plan, despite the fact that Plaintiff was residually disabled, in that he cannot perform some of the material duties of his own occupation.

54. Defendant breached the Plan when they denied paying benefits to Plaintiff, despite the fact that Plaintiff was suffering residual disability, as that phrase is defined in the Plan.  Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

55. Plaintiff has complied with all Policy provisions and conditions precedent to qualify for benefits prior to filing suit.

56. As a result of Defendant's breach, Plaintiff suffered financial hardship.

57. By reason of the foregoing, Defendant is liable to Plaintiff for damages.

## VII. SECOND CAUSE OF ACTION:

### Violation of Texas Insurance Code and DTPA

58. Plaintiff realleges and incorporates each allegation contained in Paragraphs 1 through 57 of this Complaint as if fully set forth herein.

60. Due to the aforementioned acts and omissions, Defendant has violated the Texas Deceptive Trade Practices Act sections and articles in the following ways:

    (a)    Insurance Code Article § 541.051 by misrepresenting the terms or benefits and advantages of The Policy;

    (b)    Insurance Code Article § 541.052 by placing before the public materials containing untrue, deceptive, or misleading assertions, representations, or statements regarding The Policy;

(c)      Insurance Code Article § 541.060 by engaging in unfair settlement practices by (1) misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Defendant's liability has become reasonably clear; (3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in The Policy, in relation to the facts or applicable law, for Defendant's denial of Plaintiff's claim; (4) failing within a reasonable time to affirm or deny coverage of Plaintiff's claim; and (5) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

(d)      Insurance Code Article § 541.061 by misrepresenting The Policy by (1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact; (4) making a material misstatement of law; and (5) failing to disclose other matters required by law to be disclosed.

(e)      Business and Commerce Code § 17.46(b)(5) by representing that services had characteristics, uses and benefits that they did not have;

(f) Business and Commerce Code § 17.46(b)(12) by representing that an agreement conferred or involved rights, remedies or obligations which it did not have or involve; and

(g) Business and Commerce Code § 17.46(b)(24) by failing to disclose information concerning services which was known at the time of the transaction where the failure to disclose such information was intended to induce Plaintiff into a transaction into which Plaintiff would not have entered had the information been disclosed.

(h) Plaintiff is residually disabled, in that he cannot perform the material duties of his own occupation, and he cannot perform the material duties of any other occupation which his medical condition, education, training, or experience would reasonably allow;

(i) Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is residually disabled;

(j) Defendant's interpretation of the definition of residual disability contained in The Policy is contrary to the plain language of The Policy, as it is unreasonable, arbitrary, and capricious;

(k) Defendant failed to furnish Plaintiff a Full and Fair Review;

(l) Defendant failed to specify information necessary to perfect Plaintiff's appeal;

(m) Defendant has denied Plaintiff based on a selective and incomplete review of the records;

(n) Defendant failed to credit Plaintiff's treating doctor's opinion;

(o) Defendant has wrongfully denied Plaintiff's long term disability benefits without evidence of improvement;

(p) Defendant's request for objective evidence was improper;

(q) Defendant failed to credit Plaintiff's credible complaints of pain and fatigue;

(r) Defendant failed to consider the side effects of Plaintiff's medications;

(s) Defendant has wrongfully relied on paid expert's opinions as substantial evidence;

(t) Defendant has wrongfully relied on a reviewing doctor's opinion who failed to consider Plaintiff's occupation and/or vocational abilities;

(u) Defendant failed to give Plaintiff an opportunity to respond to new evidence;

(v) Defendant's objective is to terminate Plaintiff's claim which is contrary to its duty as a fiduciary to act in good faith;

(w) Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff; and

(x) Defendant failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

61. Defendant knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code section 541.002 (1) (formerly Art. 21.21 §2(c)).

## VIII. THIRD CAUSE OF ACTION:

### Breach of Covenant of Good Faith and Fair Dealing

62. Plaintiff repeats and realleges paragraphs 1 through 61 of this Complaint as if set forth herein.

63. By selling the insurance policies to Plaintiff and by collecting substantial premiums therefore Defendant assumed a duty of good faith and fair dealing toward Plaintiff.

64. The Plan contains an implied promise that they would deal fairly and in good faith with Plaintiff and would do nothing to injury, frustrate, or interfere with Plaintiff's rights to receive benefits under the Plan.

65. Defendant breached its duty of good faith and fair dealing toward Plaintiff in one or more of the following ways:

    (a) By failing to pay benefits to Plaintiff when Defendant knew or reasonably should have known that Plaintiff was entitled to such benefits;

    (b) By interpreting ambiguous Plan provisions against Plaintiff and in favor of its own financial interests;

    (c) By interpreting the factual circumstances of Plaintiff's disability condition against Plaintiff and in favor of its own financial interests;

    (d) By failing to afford proper weight to the evidence in the administrative record showing that Plaintiff is residually disabled, including several determinations by Plaintiff's treating physician;

 (e) By misrepresenting Plan coverage, conditions, exclusions, and other provisions;

 (f) By interpreting the definition of residual disability contained in the Plan contrary to the plain language of the Policy and in an unreasonable, arbitrary, and capricious manner;

 (g) By failing to provide a reasonable explanation of the basis for the denial of disability benefits to Plaintiff; and

 (h) By compelling Plaintiff to initiate this action to obtain the benefits to which Plaintiff was entitled under the Plan.

66. By reason of Defendant's wrongful acts in breach of the covenant of good faith and fair dealing, Plaintiff suffered financial hardship, substantial emotional distress, mental anguish, and pain and suffering.

67. The actions of Defendant amount to egregious tortuous conduct directed at Plaintiff, a consumer of insurance.

68. Defendant's actions directed at Plaintiff are part of a similar conduct directed at the public generally.

69. Defendant's actions were and are materially misleading and have caused injury to Plaintiff.

70. Defendant carelessly relied on its own flawed review of the records instead of in person medical examinations to decide to discontinue paying benefits.

71. By reason of Defendant's wrongful acts in breach of the covenant of good faith and fair dealing, Defendant is liable to Plaintiff for compensatory damages and, for

its egregious tortuous conduct, punitive damages, and attorneys' fees, costs, and disbursements incurred in connection with this action.

## IX. FOURTH CAUSE OF ACTION

### Fraud

72. Plaintiff realleges and incorporates each allegation contained in paragraphs 1 through 71 of this Complaint as if fully set forth herein.

73. Defendant acted fraudulently as to each representation made to Plaintiff concerning material facts for the reason it would not have acted and which Defendant knew were false or made recklessly without any knowledge of their truth. The representations were made with the intention that they be acted upon by Plaintiff, who relied on those representations, thereby causing injury and damage to Plaintiff.

## X. FIFTH CAUSE OF ACTION

### Prompt Payment of Claim

74. Plaintiff realleges and incorporates each allegation contained in paragraphs 1 through 73 of this Complaint as if fully set forth herein.

75. Defendant failed to timely request from Plaintiff any additional items, statements or forms that Defendant reasonably believed to be required from Plaintiff, in violation of Texas Insurance Code section 542.055 (a)(2)-(3).

76. Defendant failed to notify Plaintiff in writing of the acceptance or rejection of the claim not later than the fifteenth business day after receipt of all items, statements, and forms required by Defendant in violation of Texas Insurance Code section 542.056(a).

77. Defendant delayed payment of Plaintiff's claim in violation of Texas Insurance Code section 542.058(a).

## XI. SIXTH CAUSE OF ACTION

### Statutory Interest

78. Plaintiff realleges and incorporates each allegation contained in paragraphs 1 through 77 of this Complaint as if fully set forth herein.

79. Plaintiff makes a claim for penalties of 18% statutory interest on the amount of the claim along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code section 542.060.

## XII. CAUSATION

80. The conduct described in this Complaint was a producing and proximate cause of damages to Plaintiff.

## XIII. DECLARATORY RELIEF

81. Pleading further, Plaintiff would show he is entitled to declaratory relief pursuant to Section 37 of the Texas Civil Practices and Remedies Code.  Specifically, Plaintiff would show that he is entitled to declaratory relief due to Defendant's breach of its contractual obligation under the terms of The Policy.  TEX. CIV. PRACT. & REM. CODE § 37.001.

82. The evidence at trial will show that Plaintiff submitted a timely and properly payable claim for Critical Illness Heart Attack benefits to Defendant.  The evidence will show that Defendant denied Plaintiff benefits which it contractually owes, because it claims that Plaintiff's condition does not meet the Policy's definition of "residually disabled".

83. The conduct of Defendant as described above creates uncertainty and insecurity with respect to Plaintiff's rights, status, and other legal relations with Defendant. Therefore, Plaintiff requests the Court exercise its power afforded under §37.001 et seq. of the Texas Civil Practices and Remedies Code and declare the specific rights and statuses of the parties herein. Specifically, Plaintiff requests this Court review the facts and attending circumstances and declare that he is residually disabled as that term is both commonly understood and as defined by the insurance contract made the basis of this suit.

## XIV. ATTORNEYS FEES

84. Plaintiff prays that the Court award costs, and reasonable and necessary attorney's fees as are equitable and just under §37.009 of the Texas Civil Practices and Remedies Code, §38.001 of the Texas Civil Practices and Remedies Code, and Section 542 of the Texas Insurance Code.

## XV. REQUEST FOR DISCLOSURE

85. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose, within 50 days of service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## XVI. JURY DEMAND

86. In accordance with Federal Rule of Civil Procedure, Plaintiff requests a trial by jury of all issues raised in this civil action that are triable by right (or choice) by a jury.

## XVII. KNOWLEDGE

87. Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages.

## XVIII. RESULTING LEGAL DAMAGES

88. Plaintiff is entitled to the actual damages resulting from Defendant's violations of the law. These damages include the consequential damages to his economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits; and continued impact on Plaintiff; and the other actual damages permitted by law. In addition, Plaintiff is entitled to exemplary damages.

89. As a result of Defendant's acts and/or omissions, Plaintiff has sustained damages in excess of the minimal jurisdictional limits of this Court.

90. Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

91. Defendant's knowing violations of the Texas Insurance Code and DTPA entitle Plaintiff to the attorneys' fees, treble damages, and other penalties provided by law.

92. Plaintiff is entitled to statutory interest on the amount of his claim at the rate of 18% per year as damages under Texas Insurance Code section 542.060(a).

93. Plaintiff is also entitled to the recovery of attorneys' fees pursuant to Texas Civil Practices and Remedies Code section 38.001, Texas Insurance Code section 542.060(a)(b), Texas Business & Commerce Code section 17.50, and Texas Civil Practices and Remedies Code section 37.009.

## **XIX. PRAYER**

94. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court GRANT Plaintiff declaratory and injunctive relief, finding that he is entitled to all past due Critical Illness Heart Attack benefits yet unpaid under the terms of the Plan, and that Defendant be ordered to pay all future Critical Illness Heart Attack benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the benefit termination age of the Plan.

95. Enter an order awarding Plaintiff all reasonable actual and punitive damages, pre- and post-judgment interest as allowed by law, attorneys' fees, costs of suit and expenses incurred as a result of Defendant's wrongful denial in providing coverage, and:

96. Enter an award for such other relief as may be just and appropriate.

Dated: March 24, 2022

       Respectfully submitted,

       MARC WHITEHEAD & ASSOCIATES,
       ATTORNEYS AT LAW, L.L.P.

       By:   /s/ Britney McDonald
           Britney Anne Heath McDonald
              Tex. Bar. No. 24083158
              Fed. I.D. Bar No. 2621983
              britney@marcwhitehead.com
           Madison Tate Donaldson
              Tex. Bar No. 24105812
              Fed. I.D. No. 3151467
              madison@marcwhitehead.com

        Selina Valdez
            Tex. Bar No. 24121872
            Fed. I.D. No. 3633062
            selina@marcwhitehead.com
        Marc S. Whitehead
            Tex. Bar No. 00785238
            Fed. I.D. Bar No. 15465
            marc@marcwhitehead.com
        J. Anthony Vessel
            Tex. Bar. No. 24084019
            Fed. I.D. No. 1692384
            anthony@marcwhitehead.com

403 Heights Boulevard
Houston, Texas 77007
Telephone: 713-228-8888
Facsimile: 713-225-0940
ATTORNEY-IN-CHARGE
FOR PLAINTIFF,
MARCUS EDWARDS